JUSTICE RICE,
dissenting.
¶36 I believe the Court makes several analytical errors in resolving this appeal. First, the Court states that § 72-2-813(7), MCA, “distinguishes between a conviction obtained through a plea, and a conviction obtained by a verdict after a jury or bench trial.” Opinion, ¶ 22. I submit that a reading of the plain language reveals no such distinction:
After all right to appeal has been exhausted, a judgment of conviction establishing criminal accountability for the felonious and intentional killing of the decedent conclusively establishes the convicted individual as the decedent’s killer for purposes of this section.
Section 72-2-813(7), MCA. A “judgment of conviction” which satisfies this provision makes the slayer statute operative, whether that *277 judgment is premised upon a guilty plea or trial verdict.
¶37 This error in the reading of the statute leads the Court to analyze at length the preclusive effect of a guilty plea in a later civil suit, and the application of the law of collateral estoppel. All of this is irrelevant. Application of the general law of collateral estoppel is unnecessary because, if the slayer’s judgment of conviction satisfies the slayer statute, then the slayer’s claim is estopped by the statute itself.
¶38 Analysis of the preclusive effect of a guilty plea in a later civil action does not help, either. Jeanette did indeed enter a guilty plea to the charge of deliberate homicide. That charge satisfies the requirement of a “felonious and intentional” killing because it is a felony with an intentional mental state. This is confirmed by § 72-2-813(10), MCA: “For the purposes of this section, a felonious and intentional killing includes a deliberate homicide as defined in 45-5-102 ...”[2] However, there is more involved here than merely a guilty plea to the charge. Jeanette was thereafter sentenced for this felonious and intentional crime, judgment was entered against her for the crime, and she did not challenge this judgment by appeal. At that point, a “judgment of conviction establishing criminal accountability for the felonious and intentional killing of the decedent” against Jeanette became final. Section 72-2-813(7), MCA.
¶39 The slayer statute then provides that “[a]fter all right to appeal has been exhausted” from such a judgment, the judgment of conviction of this crime “conclusively establishes the convicted individual as the decedent’s killer for purposes of this section.” Section 72-2-813(7), MCA. Jeanette should thus be foreclosed from pursuing her claims against her children’s estates as a matter of law.
¶40 I believe the Court has gone far afield in its analysis and failed to apply the plain language of the statute. I would affirm the District Court.

 The Court’s extensive analysis of what constitutes a “felony” is likewise unnecessary under the facts of this case. The slayer statute clearly incorporates the charge at issue.